IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONNIE T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-229-JTA |
| | ) (WO) |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Donnie T. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") and claim for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's memorandum in support of his Complaint (Doc. No. 13) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 17). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 6, 7.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.  PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult male[3] with a middle school education and prior work experience as a tow truck driver, forklift operator, garage collector driver, diesel mechanic, and iron worker. (R. 25–26, 299.)[4] He alleged a disability onset date of August 1, 2017, due to plates and screws in his bilateral wrists, post-traumatic stress disorder ("PTSD"), a neck injury, and carpal tunnel syndrome. (R. 298.)

On August 27, 2020, Plaintiff protectively filed a Title II application (42 U.S.C. §§ 401, *et seq*.) for a period of disability and DIB, and a Title XVI application (42 U.S.C. §§ 1381, *et seq*.) for SSI. (R. 276–77, 280–85.) The applications were denied initially and upon reconsideration. (R. 10, 158–63, 165–69, 174–76, 177-78.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits in a decision dated November 3, 2021. (R. 28.) The Appeals Council denied review. (R. 1.)

On July 6, 2022, Plaintiff filed suit in the United States District Court for the Middle District of Alabama. *See Donnie T. v. Kijakazi*, No. 2:22-cv-395-JTA (M.D. Ala. Nov. 28,

---

[3] Plaintiff was 46 years old on the alleged disability onset date. (R. 26.)

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 10.)

2022). On November 28, 2022, the Court remanded the case for further administrative proceedings. *See id*. The Appeals Council remanded the case to the ALJ, who held a hearing on July 6, 2023. (R. 561–91, 592–97.) Following the hearing, the ALJ determined Plaintiff had not been disabled and denied his request for benefits on December 19, 2023. (R. 556.) Plaintiff did not appeal the ALJ's decision, nor did the Appeals Council initiate its own review. Thus, on February 19, 2024, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(c)–(d), 416.1484(c)–(d) ("Any time within 60 days after the date of the hearing decision, the Appeals Council may decide to assume jurisdiction of your case even though no written exceptions have been filed. . . . If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand.").

On April 17, 2024, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 13, 17, 18.)

This matter is ripe for review.

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935

F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158–59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.     STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB and SSI must prove that he is disabled.[5] *See* 20 C.F.R. §§ 404.1505, 416.912(a). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.920(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.920(a), 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must

---

[5] Although DIB and SSI are separate programs, the standards for determining disability are identical. *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.909(d).

If the claimant has failed to establish that he is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.920(f). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(e).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.920(g). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.912(g), 416.960(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's

impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

### IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 543.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit his ability to perform basic work activities: cervical and thoracic degenerative disc disease, obesity, history of bilateral intraocular distal fractures; status-post open reduction internal fixation, depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (R. 544.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 545.)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except

> [Plaintiff] is limited to frequent climbing of ramps and stairs[;] frequent balancing, kneeling, and crouching[;] occasional crawling, and occasional climbing ladders, ropes, or scaffolds. [Plaintiff] is limited to frequent handling and fingering bilaterally. He should avoid all exposure to workplace hazards such as dangerous moving machinery and unprotected heights. [Plaintiff] is limited to unskilled work activity, defined as simple routine tasks involving no more than simple 1-2 step instructions and making simple work[-]related decisions with few work place changes, and routine supervision. He can have no more than occasional interaction with coworkers and the general public.

(R. 547.) In determining the RFC, the ALJ found Plaintiff's statements regarding the nature, intensity, persistence, and limiting effects of his symptoms were not "fully substantiated" by the medical signs, laboratory findings, and other evidence of record. (R. 549.)

Considering Plaintiff's RFC, the ALJ concluded he is unable to perform any past relevant work. (R. 554.) Nonetheless, the ALJ determined there are a significant number of jobs in the national economy Plaintiff can perform given his age, education, work experience, and RFC. (R. 555.)

The ALJ further concluded Plaintiff had not been under a disability from August 1, 2017, to December 19, 2023, the date of the ALJ's decision. (R. 556.) The ALJ found that based on the application for a period of disability, DIB, and SSI, Plaintiff is not disabled under sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. (*Id*.)

## V.   DISCUSSION

Plaintiff presents two arguments in this appeal. (Doc. No. 13 at 3.) First, Plaintiff argues the ALJ erred in her evaluation of the medical opinion evidence. Plaintiff avers the ALJ erred when discounting Licensed Professional Counselor ("LPC") Clarissa McReynolds's opinion. (*Id*. at 5.) Plaintiff further argues the ALJ erred when she failed to adopt all the limitations from state agency opinions she found persuasive. (*Id*. at 10.) Second, Plaintiff argues the ALJ failed to properly evaluate subjective statements about his mental health impairments from himself and other witnesses. (*Id*. at 11.)

The Commissioner responds that substantial evidence supports the ALJ's evaluation of the medical opinion evidence. (Doc. No. 17 at 10.) The Commissioner argues the ALJ

properly evaluated the supportability and consistency of LPC McReynolds's opinion and did not err by failing to adopt every limitation in persuasive opinions. (*Id*. at 10, 14.) The Commissioner further responds that substantial evidence supports the ALJ's findings on both Plaintiff's subjective complaints and third-party statements. (*Id*. at 4.)

Plaintiff replies the ALJ erred by considering the lack of abnormal mental status exams because Plaintiff could not afford mental health treatment. (Doc. No. 18 at 1.) Plaintiff further replies the ALJ erred by relying on Plaintiff's activities of daily living to discount Plaintiff's subjective statements. (*Id*. at 4.)

The Court first addresses the ALJ's evaluation of the medical opinion evidence and then turns to whether the ALJ properly evaluated the subjective statements from Plaintiff and others.

### A. Evaluation of Medical Opinion Evidence

The RFC assesses the claimant's remaining ability to do work despite his impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).[6]

---

[6] Although the ALJ does not need to discuss every piece of evidence, he must consider the claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1211; *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

When considering medical evidence, the ALJ will not defer or give evidentiary weight to any medical opinion or prior administrative finding. 20 C.F.R. § 404.1520c(a). The ALJ must determine the persuasiveness of medical opinions and prior administrative findings by considering (1) supportability, (2) consistency, (3) treatment relationship, (4) specialization, and (5) other factors. *Id*. § 404.1520c(c)(1)–(5). Supportability and consistency are the most important factors. *Id*. § 404.1520c(b)(2). The ALJ must articulate how she considered the supportability and consistency factors, but is not required to address the remaining factors. *Id*. This means the "persuasiveness analysis should turn on whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with other evidence of record." *Cayce v. Kijakazi*, No. 3:20-cv-797-JTA, 2022 WL 904988, at *5 (M.D. Ala. Mar. 28, 2022) (quotation omitted).

When an ALJ finds medical opinions generally persuasive, the ALJ must "explain and address any conflicts between the RFC and medical opinions." *Weidlich v. Comm'r of Soc. Sec.*, No. 22-13309, 2023 WL 8015753, at *2 (11th Cir. Nov. 20, 2023) (citing SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). Without a clear explanation for the conflict, substantial evidence cannot support the ALJ's decision and thus constitutes reversible error. *Id*. (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Plaintiff argues the ALJ incorrectly evaluated two sets of medical opinions: (1) the opinion of LPC McReynolds, and (2) the opinions of state agency consultants. The Court addresses each in turn.

### 1. Opinion of LPC McReynolds

The ALJ found LPC McReynolds's opinion, that Plaintiff had marked and extreme impairments,[7] not consistent with the medical record and not supported by LPC McReynolds's exam. (R. 554.) The ALJ reasoned these marked and extreme impairments were not consistent with the medical record which reflected no ongoing treatment for Plaintiff's alleged mental impairments; no hospital visits for exacerbations of symptoms; and exams that noted cooperative behavior, normal speech, appropriate mood and affect, and normal judgment with no observed cognitive deficits or suicidal ideation. (R. 554.) After considering LPC McReynolds's evaluation observations, the ALJ concluded her observations support a capacity for simple instructions, but not "marked limitations in concentration or interacting with others." (R. 554.)

Here, the ALJ complied with the regulations by articulating how she considered the supportability and consistency of LPC McReynolds's opinion, and substantial evidence supports the ALJ's conclusion. First, substantial evidence supports the ALJ's finding that LPC McReynolds's opinion was not supported by her own exam. As the ALJ correctly noted, LPC McReynolds's exam stated Plaintiff had an anxious/frustrated mood, but a normal thought process, average intelligence, and could spell "world" backwards. (R. 523-24, 554.) Her exam further noted Plaintiff was unable to repeat three numbers backwards

---

[7] Specifically, the ALJ found LPC McReynolds's opinion that Plaintiff had (1) marked impairments in concentrating, maintaining a regular schedule, accepting criticism from supervisors, maintaining appropriate behavior in a workplace, and (2) an extreme impairment in his ability to maintain regular work attendance without missing days of work was not persuasive. (R. 554.)

11

but could recall one of three objects after a delay. (R. 524, 554.) LPC McReynolds reported that Plaintiff was clean-cut, casually dressed in jeans and a nice shirt; alert and oriented; and presented with normal speech and intact/logical process. (R. 523.) Second, substantial evidence supports the ALJ's conclusion that LPC McReynolds's opinion is not consistent with the medical record. The ALJ cited to numerous treatment notes from medical records that show Plaintiff exhibited cooperative behavior, normal speech, appropriate mood and affect, and normal judgment with no observed cognitive deficits or suicidal ideation. (R. 409, 446, 450, 456, 482–83, 496, 504, 554, 677, 685, 697, 707.)[8] Accordingly, there is substantial evidence in the record to support the ALJ's conclusion that LPC McReynolds's opinion is not fully persuasive. *See Bailey*, 791 F. App'x at 138–39 ("Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (quotation omitted)).

Because the ALJ noted there was no ongoing treatment for mental impairments or hospital visits for exacerbated symptoms, Plaintiff alleges the ALJ erred in her evaluation of LPC McReynolds's opinion. (Doc. No. 13 at 5.) "When an ALJ primarily if not exclusively relies on a claimant's failure to seek treatment, but does not consider any good

---

[8] Plaintiff argues the treatment notes cannot support the ALJ's evaluation of LPC McReynolds's opinion because the notes relate to Plaintiff's physical conditions. (Doc. No. 13 at 8.) Plaintiff cites no law—persuasive or otherwise—to support his argument. (*See id.*) Accordingly, this argument is deemed waived. *See See NLRB v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue).

cause explanation for this failure," the court will remand for further consideration. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268 (11th Cir. 2015) (per curiam) (quotations omitted). But, if the "ALJ's determination is also based on other factors, . . . then no reversible error exists." *Id*. (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam)). Here, the ALJ did not exclusively rely on Plaintiff's lack of mental health treatment to deny him benefits. Rather, the ALJ relied on numerous treatment records to discount LPC McReynolds's opinion. Because the ALJ's determination was based on factors other than Plaintiff's lack of treatment, the Court finds no reversible error.

Finally, Plaintiff argues the ALJ erred by failing to order a second consultative examination. (Doc. No. 13 at 9.) An ALJ does have "a basic obligation to develop a full and fair record." *Ellison*, 355 F.3d at 1277 (quotations omitted); *see also Ingram*, 496 F.3d at 1269. To help develop a full record, the ALJ may order a consultative examination. *See* 20 C.F.R. § 404.1519a(b). But, an "ALJ's obligation to develop the record does not relieve the claimant of the burden of proving [he] is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing *Ellison*, 355 F.3d at 1276). Remand for further development of the record is appropriate only when "the record reveals evidentiary gaps which result in unfairness or clear prejudice to the claimant." *Stinson v. Kijakazi*, 565 F. Supp. 3d 1219, 1228–1229 (M.D. Ala. 2021) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)). It is Plaintiff's burden to show prejudice. *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 154–155 (11th Cir. 2021). Plaintiff has not met this burden. Plaintiff merely cites to a "long passage of time" as justification for a second consultative examination. (Doc. No. 13 at 9.) This alone is insufficient to show prejudice. Plaintiff does

not make clear what additional evidence would be gained from a second consultative examination, and he fails to demonstrate that the current medical evidence of record was insufficient to support the ALJ's disability determination. *See Townsend v. Comm'r of Soc. Sec.*, 555 F. App'x 888, 891-92 (11th Cir. 2014) (no prejudice shown because claimant did not suggest what more the ALJ may have learned from the additional evidence).

Consequently, the Court finds substantial evidence supports the ALJ's evaluation of LPC McReynolds's opinion and a second consultative evaluation was unnecessary.

### 2.  State Agency Opinions

When determining Plaintiff's mental RFC, the ALJ discussed two state agency opinions she found persuasive. (R. 553.) The state agency consultants opined that Plaintiff (1) could understand and remember short, simple one-to-two step instructions, carry out short and simple one-two-step directions; (2) have contact with the public that is infrequent, casual, and non-intensive, with corrective instructions presented in a simple, non-confrontational and supportive manner; and (3) is limited to infrequent, gradually introduced, and well explained work changes. (R. 125–28, 149–52, 553.) The ALJ found the conclusions about limitation to simple work persuasive, as well as limitations on interactions with coworkers and the public persuasive. (R. 553.) The ALJ did not adopt the limitations verbatim into Plaintiff's mental RFC, but rather limited Plaintiff to unskilled work, making simple work-related decision, few workplace changes, routine supervision, and no more than occasional interaction with coworkers and the general public. (R. 548.)

Plaintiff maintains the ALJ erred by failing to adopt the "greater mental limitations" from the state agency opinions. (Doc. No. 13 at 10.)[9] Yet, there is no requirement an ALJ adopt every limitation from persuasive opinions. *See Normand v. Kijakazi*, No. 1:23-cv-337-KFP, 2023 WL 8719445, at * 4 (M.D. Ala. Dec. 18, 2023) ("An ALJ is permitted to adopt parts of a medical opinion and reject others, and the regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise found persuasive.") (quotation omitted); *Guth v. Comm'r of Soc. Sec.*, No. 2:21-cv-106-JLB-NPM, 2022 WL 8211404, at *9 (M.D. Fla. Aug. 5, 2022) ("The regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise found persuasive."), *report and recommendation adopted*, 2022 WL 4115784 (M.D. Fla. Sept. 9, 2022); *Cf. Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). Furthermore, "there is no legal requirement that an ALJ explain each limitation or restriction he adopts or fails to adopt" from a persuasive opinion. *Normand*, 2023 WL 8719445, at * 4 (citing *Donnie R. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-183-RGV, 2022 WL 16702517, at *13 (N.D. Ga. Mar. 30, 2022). Accordingly, the Court finds no reversible error.

---

[9] To support his argument, Plaintiff cites to Social Security Ruling 96-8p, which states that when an RFC conflicts with a medical opinion, the ALJ "must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Here, there is no direct conflict between the RFC and the state agency opinions the ALJ found persuasive. The ALJ simply declined to adopt all the limitations mentioned in the opinions.

## B. Evaluation of Subjective Statements

A claimant can establish disability through their own testimony of "pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. To do so, the claimant must show "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain [or symptoms]; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain [or symptoms]." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024) (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam)). If a claimant meets this standard, and the ALJ decides not to credit a claimant's testimony as to his pain or other subjective symptoms, the ALJ "must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam). When determining whether a claimant's subjective statements are credible, the ALJ considers: "(1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating and aggravating facts; (4) the type, dosage, effectiveness, and side effects of medication; (5) the claimant's treatments other than medication; (6) any measures used to relieve pain; and (7) other factors concerning a claimant's functional limitations and restrictions based on pain or other symptoms." *Raper*, 89 F.4th at 1277 (citing 20 C.F.R. § 404.1529(c)(3)(i)–(vii)).

Nonetheless, there is "'no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not is enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.'" *Mitchell v. Comm'r of Soc. Sec. Admin.*,

16

771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer*, 395 F.3d at 1211). The Eleventh Circuit has "held that credibility determinations are the province of the ALJ, *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005), and [the Court] will not disturb a clearly articulated credibility finding supported by substantial evidence, *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)." *Mitchell*, 771 F.3d at 782; *see also Raper*, 89 F.4th at 1277 ("We will not disturb a clearly articulated credibility finding if supported by substantial evidence.").

Here, the ALJ made a clearly articulated credibility finding. The ALJ determined Plaintiff's "medically determinable impairments could have reasonably been expected to produce the alleged symptoms." (R. 549.) However, the ALJ found that Plaintiff's allegations concerning the nature, intensity, persistence, and limiting effects of his symptoms were "not fully substantiated by the medical signs, laboratory findings, and other evidence of record." (*Id.*) After making this determination, the ALJ referenced objective medical evidence, medical opinions, Plaintiff's reported activities of daily living, testimony from Plaintiff and others, and treatment notes when explaining her determination. (R. 549–52.)

Because the ALJ made a clearly articulated credibility finding, the Court must apply the substantial evidence standard. *See Mitchell*, 771 F.3d at 782; *Raper*, 89 F.4th at 1277. Here, the ALJ's assessment of Plaintiff's subjective symptoms about his mental impairments is supported by substantial evidence. Specifically, the ALJ noted Plaintiff reported he was independent with his activities of daily living, could do yard work, went to church, can prepare meals, can do light household chores, engages in social activities daily, goes outside daily, goes shopping once per week, and can manage his finances. (R.

17

358–69, 408, 503, 523, 551.) The ALJ reasoned these activities are not consistent with his alleged limitations.[10] (R. 551.) The ALJ also cited hospital records which reflected cooperative behavior, normal speech, appropriate mood and affect, and normal judgment with no observed cognitive deficits or suicidal ideation. (R. 409, 446, 450, 456, 482–83, 496, 504, 551, 554, 677, 685, 697, 707.) Further, the ALJ cited to LPC McReynolds's observations that Plaintiff had normal thought process, average intelligence, the ability to spell "world" backwards, and could not repeat three numbers backwards. (R. 523–24, 551). LPC McReynolds further reported that Plaintiff was clean-cut, casually dressed in jeans and a nice shirt; alert and oriented; and presented with normal speech and intact/logical process. (R. 523.)[11] Accordingly, substantial evidence supports the ALJ's determination concerning Plaintiff's subjective mental health statements.

---

[10] Plaintiff argues the ALJ did not give Plaintiff's activities of daily living as a reason for rejecting Plaintiff's allegations. (Doc. No. 18 at 3.) But, the ALJ clearly stated Plaintiff's activities of daily living are not entirely consistent with his reported limitations. (R. 551.) Plaintiff further argues reliance on evidence of daily living is contrary to the Eleventh Circuit's opinion in *Schink*. The Court is unpersuaded. First, the Eleventh Circuit stated the plaintiff's specific activities of daily living did not provide good cause to discount treating physician opinions. *Schink*, 935 F.3d at 1262–64. The treating physician rule does not apply here. Second, the regulations specifically state ALJs will consider daily activities when evaluating subjective symptoms. 20 C.F.R. §§ 404.1529(c)(3)(1); 414.929(c)(3)(i). Accordingly, the ALJ did not err by taking into account Plaintiff's activities of daily living when discounting his subjective statements.

[11] Plaintiff argues the ALJ relied on only the lack of outpatient or inpatient treatment for his psychiatric conditions and the lack of clinical and/or objective support when evaluating Plaintiff's subjective statements. (Doc. No. 13 at 13.) The ALJ did note the medical records reflected no ongoing treatment, no hospital visits, and no inpatient treatment. (R. 552.) But, the ALJ used other evidence in the record to evaluate Plaintiff's subjective statements. Accordingly, the Court finds no error.

Finally, Plaintiff argues the ALJ erred by discounting the subjective statements from lay witnesses. (Doc. No. 13 at 15.) Plaintiff avers ALJs are required to "give reasons germane to each witness for the weight given to their testimony and the reasons for that weight." (*Id.*)[12] Such an in-depth discussion is not required for witness testimony. An ALJ must review the testimony of witnesses and provide a reason for rejecting the testimony. *See Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990) (reversing and remanding, in part, because the ALJ failed to consider witness testimony or give any reasons for rejecting it). The ALJ sufficiently met this standard. The ALJ recounted the statements from Plaintiff's mother, girlfriend, and aunt. (R. 551.)[13] The ALJ stated their reports were not entirely consistent with medical records. (*Id.*) In the next paragraph, the ALJ detailed the medical records that "are not consistent with the degree of functional limitation alleged." (*Id.*) Accordingly, the Court finds no reversible error.

---

[12] To support his argument, Plaintiff cites to two cases from within this circuit, both of which do not stand for this proposition. *See Brown*, 44 F.3d at 936 (reversing and remanding, in part, because the ALJ failed to question a *pro se* plaintiff's husband at the hearing when the husband was present, and the plaintiff struggled testifying); *Barthol v. Astrue*, No. 1:08-cv-39-CSC, 2008 WL 5273113, at *8 (M.D. Ala. Dec. 18, 2008) (reversing and remanding, in part, because the ALJ ignored witness testimony without discussing the witness's credibility). Here, the ALJ recounted witness testimony and provided a reason for discounting it. Accordingly, these cases are distinguishable.

Of note, Plaintiff quotes *Brown* for the statement "[l]ay witnesses who know a claimant well may provide an important source of evidence to demonstrate the claimant's disability." (Doc. No. 13 at 15.) This quote does not appear in *Brown*.

[13] Even when an ALJ wholly fails to discuss witness testimony, remand may not be warranted if the witness testimony is duplicative or cumulative. *See De Olazabal v. Soc. Sec. Admin., Comm'r*, 579 F. App'x 827, 832 (11th Cir. 2014) (finding the ALJ's failure to address witness testimony harmless error because the testimony was cumulative); *Iordan v. Comm'r Soc. Sec. Admin.*, 579 F. App'x 775, 779 (11th Cir. 2014) (finding remand would be a waste of judicial resources when the ALJ failed to address witness testimony, in part, because the testimony was duplicative).

## VI. CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 13) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 17) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 16th day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE